IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEORGE D. HOUSER, | : | MOTION TO VACATE |
| BOP No. 60799-019, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:10-CR-12-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:16-CV-19-HLM-WEJ |

**ORDER AND
FINAL REPORT AND RECOMMENDATION**

Movant, George D. Houser, confined in the Federal Correctional Institution in Ashland, Kentucky, submitted a Motion to Set Aside Indictment and Conviction [410]. The District Court determined that movant seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [421]. Accordingly, the undersigned refers to movant's submission as the Motion to Vacate [410].[1] The government filed a Response in opposition [425]. Movant then filed three Motions

---

[1] Movant also submitted a second version of the Motion to Vacate [414, 415]. The District Court subsequently granted movant's motion to withdraw the second version based on movant's statement that it was "not intended to be an amendment to the [Motion to Vacate] or . . . [a] new and separate [motion]." (See Order of Mar. 1, 2016 [421], at 2.)

for Extension of Time to Amend [429, 430, 434]. The government filed a Response in opposition [431], and movant filed a construed Reply [432].

For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely and a certificate of appealability be **DENIED**. In addition, the undersigned **ORDERS** that the Motions for Extension of Time to Amend are **DENIED** because amendment is futile.

I.   DISCUSSION

In the Second Superseding Indictment filed on July 5, 2011, the Grand Jury charged movant with (1) conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349, (2) failing to pay over his employees' payroll taxes, in violation of 26 U.S.C. § 7202, and (3) failing to file personal income tax returns, in violation of 26 U.S.C. § 7203 [139]. On April 2, 2012, defendant was found guilty on all counts [290]. On August 14, 2012, the District Court filed the Judgment and Commitment, sentencing movant to 240 months of imprisonment, followed by three years of supervised release [320].

On June 19, 2014, the United States Court of Appeals for the Eleventh Circuit affirmed [407]. See United States v. Houser, 754 F.3d 1335 (11th Cir. 2014). On October 21, 2014, the Eleventh Circuit denied rehearing. (Mot. Vacate

18; Gov't Resp. [425] 3.)  Movant did not seek a writ of certiorari in the United States Supreme Court.  (Mot. Vacate 6.)

The District Court Clerk received the Motion to Vacate on January 25, 2016, in an envelope lacking a postmark [410-1].[2]  The Motion to Vacate consists of the following three parts:  (1) a summary of movant's claims, which closes with the date of January 19, 2016, the words "respectfully submitted," and movant's signature (Mot. Vacate 1-4); (2) a form § 2255 motion, which (a) closes with (i) a declaration under penalty of perjury that movant placed the form § 2255 motion in the prison mailing system on January 19, 2016, and (ii) an execution date of January 17, 2016, but (b) lacks movant's signature (id. at 5-19); (3) a declaration in support of request to proceed in forma pauperis ("IFP"), which closes with a declaration under penalty of perjury that movant signed and executed on January 17, 2016 (id. at 19-21); and (4) attachments detailing movant's claims, which lack his signature and bear no dates (Mov't Attach. [410-2 through 410-13]).[3]

---

[2] The envelope bears a "received" stamp dated January 14, 2016.  However, all of movant's signature and execution dates were either January 17 or 19, 2016.  Therefore, movant could not have delivered the Motion to Vacate to prison authorities for mailing on January 14, 2016.

[3] Movant's claims concern (1) a government witness's improper testimony, (2) insufficient evidence, (3) prosecutorial misconduct, (4) ineffective assistance of

3

The government argues that the Motion to Vacate is untimely. (Gov't Resp. [425] 3-5.) The Motion to Vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) movant's convictions became final; (2) a government impediment to making the Motion to Vacate was removed; (3) a right that movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) movant, with due diligence, could have discovered the facts supporting his claims. See 28 U.S.C. § 2255(f)(1)-(4).

Movant does not indicate that the circumstances set forth in § 2255(f)(2)-(4) apply to him. Under § 2255(f)(1), movant had ninety days in which to seek a writ of certiorari after the Eleventh Circuit denied rehearing on October 21, 2014. See Sup. Ct. R. 13.3. Movant did not seek that review, and the ninety-day-period expired on January 20, 2015. See id. 30.1 (extending last day of time period from federal legal holiday to next business day). Thus, movant's convictions became

---

trial and appellate counsel, (5) lack of jurisdiction, (6) improper search and seizure, (7) the government's interference with movant's access to discovery and his choice of counsel, and (8) the District Court's rulings in his criminal case. (Mot. Vacate 1-2; Mov't Attach. [410-2 through 410-13].)

4

final on that date, and the one-year statute of limitations expired on January 20, 2016.[4]

A § 2255 motion is timely if the movant (1) delivers it to prison authorities for mailing within the statute of limitations, and (2) includes "a declaration in compliance with 28 U.S.C. § 1746 . . . which must set forth the date of deposit [in the prison mailing system] and state that first-class postage has been prepaid." Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts. The movant must sign and date the declaration under penalty of perjury. See 28 U.S.C. § 1746; see also Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (per curiam); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).[5]

In the present case, movant failed to sign the declaration under penalty of perjury that he placed the form § 2255 motion in the prison mailing system on January 19, 2016. (Mot. Vacate 18.) Movant's summary of claims and attachments

---

[4] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[5] If a movant satisfies his obligations under Rule 3(d), the burden shifts to the government to prove that he did not actually deliver his § 2255 motion to prison authorities for mailing on the declared date. See Washington, 243 F.3d at 1301.

5

also lack a declaration in compliance with § 1746. (Id. at 4; Mov't Attach. [410-2 through 410-13].) Although movant's declaration in support of request to proceed IFP closes with a declaration under penalty of perjury that he signed and executed on January 17, 2016, the latter declaration does not state that movant delivered the Motion to Vacate to prison authorities for mailing within the statute of limitations. (Mot. Vacate 21.)[6] Therefore, no part of the Motion to Vacate complies with § 1746. See Bullock v. United States, 655 F. App'x 739, 741 (11th Cir. 2016) (per curiam) (explaining that unsigned and undated § 2255 motion was nevertheless timely because prisoner simultaneously submitted sworn affidavit regarding date of delivery to prison authorities for mailing).[7] The undersigned concludes that the Motion to Vacate is untimely under § 2255(f)(1).

"Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even

---

[6] Furthermore, the IFP declaration is unnecessary because (1) there is no filing fee for a § 2255 motion, and (2) movant requested neither appointment of counsel nor free transcripts.

[7] Even if movant had not withdrawn the second version of the Motion to Vacate, the form § 2255 motion that is part of the second version does not comply with § 1746 because movant failed to provide the date when he placed that document in the prison mailing system. (See supra note 1; Withdrawn Mot. Vacate [415] 9.)

6

with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Movant states that he had "insufficient time to complete the [Motion to Vacate] because prison authorities scheduled five separate medical appointments requiring [movant's] mandatory attendance the morning of January 19th, despite [movant's] prior request that all medical activity cease until the [Motion to Vacate] was filed." (Mot. Ext. Time [434] 2.) Although movant had five medical appointments on one day, the one-year statute of limitations provided 364 other days for him to complete the Motion to Vacate, including signing the declaration required by § 1746. Therefore, movant shows neither extraordinary circumstances nor his own diligence. The undersigned concludes that equitable tolling is not warranted.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of

the new evidence." Id. at 327. Movant does not present new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DISMISSED** as untimely. In light of that recommendation, the undersigned **ORDERS** that the Motions for Extension of Time to Amend are **DENIED** because amendment is futile.

## II.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### III.   CONCLUSION

For the reasons stated above, the undersigned **ORDERS** that the Motions for Extension of Time to Amend [429, 430, 434] are **DENIED** because amendment is futile. The undersigned **RECOMMENDS** that the Motion to Vacate [410] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned in civil action number 4:16-cv-19-HLM-WEJ.

**SO ORDERED AND RECOMMENDED**, this 6th day of August, 2018.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE