IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEORGE D. HOUSER, | : | MOTION TO VACATE |
| BOP No. 60799-019, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
|     v. | : | 4:10-CR-12-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:16-CV-19-HLM |

**SUPPLEMENTAL
FINAL REPORT AND RECOMMENDATION**

Movant, George D. Houser, confined in the Federal Correctional Institution in Ashland, Kentucky, submitted a Motion to Set Aside Indictment and Conviction [410]. The District Court determined that movant seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [421]. Accordingly, the undersigned refers to movant's submission as the Motion to Vacate [410].[1]

On August 6, 2018, the undersigned issued an Order and Final Report and Recommendation ("Order and Final R&R") that the Motion to Vacate be dismissed

_____

[1] Movant also submitted a second version of the Motion to Vacate [414, 415]. The District Court subsequently granted movant's motion to withdraw the second version based on movant's statement that it was "not intended to be an amendment to the [Motion to Vacate] or . . . [a] new and separate [motion]." (See Order of Mar. 1, 2016 [421], at 2.)

as untimely [437].  Movant filed Objections [439, 440].  The District Court deferred

ruling on the Order and Final R&R and referred the matter to the undersigned "for

further consideration concerning the timeliness of [the Motion to Vacate] in light

of [the Objections] . . . ."  (Order of Sept. 14, 2018 [441], at 6-7.)  Movant also filed

a construed Motion to Amend Objections [442], which is pending before the

District Court.

 For the reasons stated below, the undersigned **RECOMMENDS** that the

Motion to Amend Objections be **GRANTED**; the Objections, as amended, be

**OVERRULED**; the Motion to Vacate be **DISMISSED** as untimely; and a

certificate of appealability be **DENIED**.

## I. DISCUSSION

 A § 2255 motion is timely if the movant (1) delivers it to prison authorities

for mailing within the statute of limitations, and (2) includes "a declaration in

compliance with 28 U.S.C. § 1746 . . . which must set forth the date of deposit [in

the prison mailing system] and state that first-class postage has been prepaid."  Rule

3(d), Rules Governing Section 2255 Proceedings for the United States District

Courts.  The movant must sign and date the declaration under penalty of perjury.

See 28 U.S.C. § 1746; see also Washington v. United States, 243 F.3d 1299, 1300-

2

01 (11th Cir. 2001) (per curiam); <u>Adams v. United States</u>, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).[2]

In the present case, the statute of limitations expired on January 20, 2016, and the District Court Clerk received the Motion to Vacate on January 25, 2016. (Order and Final R&R 3, 4-5.)  The undersigned determined that the Motion to Vacate is untimely because it fails to comply with § 1746, due to the lack of a declaration that (1) sets forth the date of delivery to prison authorities for mailing, and (2) is signed and dated under penalty of perjury.  (<u>Id.</u> at 5-6.)  Although movant placed signatures and dates in certain parts of the Motion to Vacate, none of those comply with § 1746.  (<u>Id.</u> at 3, 5-6.)

Movant first objects that the text of Rule 3(d) does not actually require a signed declaration in compliance with § 1746.  (Obj. [439] 4-5.)  However, the United States Court of Appeals for the Eleventh Circuit has indicated that an appropriate signature is required in order file a § 2255 motion:

> [B]ecause the motion to vacate was not signed or executed until November 6, 1997, this date is the earliest date on which [the] motion could be considered filed. . . .  [The] motion to vacate was filed on

---

[2] If a movant satisfies his obligations under Rule 3(d), the burden shifts to the government to prove that he did not actually deliver his § 2255 motion to prison authorities for mailing on the declared date.  <u>See</u> <u>Washington</u>, 243 F.3d at 1301.

3

November 6, 1997, which is the date that [the movant] signed, executed, and delivered his petition to prison authorities for mailing.

Adams, 173 F.3d at 1341 (citations omitted).  In a recent case, the Eleventh Circuit cited Washington as having "accept[ed] the signature date on the pleading as the date of delivery to prison authorities . . . ."  Bullock v. United States, 655 F. App'x 739, 741 (11th Cir. 2016) (per curiam) (citing Washington, 243 F.3d at 1301).  The Eleventh Circuit also explained that an unsigned and undated § 2255 motion was timely filed because it was accompanied by a signed and sworn affidavit regarding the date of delivery to prison authorities for mailing.  Id. at 741.

The undersigned concludes that the Eleventh Circuit requires a movant to sign a declaration in compliance with § 1746 in order to file a § 2255 motion timely.  Movant neither signed the declaration in the Motion to Vacate nor provided an acceptable substitute, such as the signed and sworn affidavit in Bullock.  (Order and Final R&R 3, 5-6.)[3]  Therefore, movant's first objection should be overruled.

_____

[3] Even if movant had not withdrawn the second version of the Motion to Vacate, the form § 2255 motion that is part of the second version does not comply with § 1746 because movant failed to provide the date when he placed that document in the prison mailing system.  (See supra note 1; Withdrawn Mot. Vacate [415] 9.)

4

Movant next objects that he has additional evidence of timely delivery of the Motion to Vacate to prison authorities for mailing on January 19, 2016. (Obj. [439] 5-7; Obj. [442-2] 1-7.)  The undersigned previously noted that (1) the District Court Clerk received the Motion to Vacate in an envelope bearing a "received" stamp dated January 14, 2016, (2) all of movant's signature and execution dates were either January 17 or 19, 2016, and (3) movant therefore could not have delivered the Motion to Vacate to prison authorities for mailing on January 14, 2016. (Order and Final R&R 3 & n.2.)  Movant now alleges that prison officials believed that they were required to stamp the envelope as received on January 14, 2016, even though movant actually delivered it on January 19, 2016. (Obj. [439] 5-7; Obj. [442-2] 1-7.)   Even if movant's allegation is true, it does not change his noncompliance with § 1746.   Therefore, movant's second objection should be overruled.

Movant's third objection is that the Motion to Vacate is timely pursuant to Bullock.  (Obj. [439] 7-8.)  However, as the undersigned previously explained, movant neither signed the declaration in the Motion to Vacate nor provided an acceptable substitute, such as the signed and sworn affidavit in Bullock.  (Order and Final R&R 3, 5-6.)  Movant's declaration in support of request to proceed in forma pauperis ("IFP") is not an acceptable substitute because it does not state that

5

he delivered the Motion to Vacate to prison authorities for mailing within the statute of limitations.  (Id. at 3, 6 & n.6.)[4]  Therefore, Bullock does not indicate that the Motion to Vacate is timely.  Movant also cites Moore v. Frazier, 605 F. App'x 863, 865 (11th Cir. 2015) (per curiam), which concerns the timeliness of a notice of appeal under Rule 3 of the Federal Rules of Appellate Procedure.  (Obj. [439] 9-10.)   Because that rule does not require compliance with § 1746, Moore is inapposite.[5]  Movant's third objection should be overruled.

In movant's next objection, which is labeled as his fifth, he argues that he is entitled to equitable tolling.  (Obj. [439] 10-11; Obj. [440-1] 1-2.)  Movant states that prison authorities "willfully disrupted the day of filing" by scheduling five medical appointments on January 19, 2016.  (Obj. [439] 10-11.)  However, movant did not need to file the Motion to Vacate on January 19, 2016, because the statute of limitations expired one day later, on January 20, 2016, when he apparently did

———————————

[4] Furthermore, the IFP declaration is unnecessary because (1) there is no filing fee for a § 2255 motion, and (2) movant requested neither appointment of counsel nor free transcripts.

[5] See also Fed. R. App. P. 4(c)(1) (providing for alternatives to compliance with § 1746 when inmate files notice of appeal).  Rule 3(d) of the Rules Governing Section 2255 Proceedings has not been rewritten to parallel changes to provisions in the Federal Rules of Appellate Procedure regarding inmate filing, such as Rule 4(c)(1).  Those changes were effective December 1, 2016, which was more than ten months after movant submitted the Motion to Vacate.

not have any medical appointments.  (Order and Final R&R 4-5, 6-7.)  Movant could have signed the declaration required by § 1746 on January 20, 2016, or on any of the other days within the one-year statute of limitations, but he failed to do so.  The objection labeled as movant's fifth should be overruled.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Amend Objections be **GRANTED**; the Objections, as amended, be **OVERRULED**; and the Motion to Vacate be **DISMISSED** as untimely.

## II.   <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks

omitted).

> When the district court denies a [motion to vacate] on procedural
> grounds without reaching the prisoner's underlying constitutional
> claim . . . a certificate of appealability should issue only when the
> prisoner shows both that jurists of reason would find it debatable
> whether the [motion] states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable
> whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at

484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be

denied because the resolution of the issues presented is not debatable.  If the District

Court adopts this recommendation and denies a certificate of appealability, movant

is advised that he "may not appeal the denial but may seek a certificate from the

court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll.

§ 2255, Rule 11(a).

**III.   CONCLUSION**

For the reasons stated above, the undersigned **RECOMMENDS** that the

Motion to Amend Objections [442] be **GRANTED**; the Objections [439, 440], as

amended, be **OVERRULED**; the Motion to Vacate [410] be **DISMISSED** as

untimely; and a certificate of appealability be **DENIED**.

8

**SO RECOMMENDED**, this 16th day of October, 2018.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE