IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

GEORGE D. HOUSER,

v.

UNITED STATES OF
AMERICA.

CRIMINAL FILE NO.
4:10-CR-012-01-HLM-WEJ

CIVIL ACTION FILE NO.
4:16-CV-0019-HLM-WEJ

ORDER

This case is before the Court on Petitioner's Motion to Set Aside Indictment and Conviction, which the Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion to Vacate") [410], on the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [437], on Petitioner's Objections to the Order and Final Report and Recommendation [439], on Petitioner's Motion to Amend

Objections [442],[1] and on the Supplemental Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [443].

I. **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990). If no party files a timely objection to a

---

[1] The Court grants this Motion.

2

factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Discussion

On August 6, 2018, Judge Johnson issued his Order and Final Report and Recommendation. (Order & Final Report & Recommendation (Docket Entry No. 437).) Judge Johnson recommended that the Court deny Petitioner's Motion to Vacate as untimely. (Id.)

Petitioner filed Objections to the Order and Final Report and Recommendation. (Objs. (Docket Entry No. 439).) On September 14, 2018, the Court deferred ruling on the Order and Final Report and Recommendation and on Petitioner's

3

Motion to Vacate, and it referred the case to Judge Johnson for further consideration concerning the timeliness of the Motion to Vacate in light of Petitioner's Objections and related materials. (Order of Sept, 14, 2018 (Docket Entry No. 441).)

On October 16, 2018, Judge Johnson issued his Supplemental Final Report and Recommendation. (Suppl. Final Report & Recommendation (Docket Entry No. 443).) Judge Johnson recommended that the Court grant Petitioner's Motion to Amend Objections, and he recommended that the Court dismiss Petitioner's Motion to Vacate as untimely even in light of Petitioner's Objections, as amended. (Id.)

As of the date of this Order, Petitioner has not filed Objections to the Supplemental Final Report and Recommendation. (See generally Docket.) The time period

4

for filing Objections has expired, and the Court finds that the matter is ripe for resolution.

The Court finds that Judge Johnson accurately set forth the procedural history of this case, and it incorporates that portion of the Order and Final Report and Recommendation and the Supplemental Final Report and Recommendation into this Order as if set forth fully herein. (Order & Final Report & Recommendation at 2-3; Suppl. Final Report & Recommendation at 1-2.) Judge Johnson also correctly set forth the law governing the one-year statute of limitations for filing a Motion to Vacate under § 2255. (Order & Final Report & Recommendation at 4.) The Court agrees with Judge Johnson that Petitioner's convictions became final on January 20, 2015, when the ninety-day period for seeking a writ of certiorari expired, and that the one-year statute of

limitations consequently expired on January 20, 2016. (Id. at 4-5.)

As Judge Johnson noted, a § 2255 Motion will be timely if the petitioner: "(1) delivers it to prison authorities for mailing within the statute of limitations; and (2) includes 'a declaration in compliance with 28 U.S.C. § 1746 . . . which must set forth the date of deposit [in the prison mailing system] and state that first-class postage has been prepaid.'" (Order & Final Report & Recommendation at 5 (alterations in original) (quoting Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts); see also Suppl. Final Report & Recommendation at 2 (same)). Further, a "movant must sign and date the declaration under penalty of perjury." (Order & Final Report & Recommendation at 5; Suppl. Final Report & Recommendation at 2.)

6

Here, Judge Johnson correctly found that Petitioner's Motion to Vacate was untimely. As Judge Johnson noted, Petitioner "failed to sign the declaration under penalty of perjury that he placed the form § 2255 motion in the prison mailing system on January 19, 2016." (Order & Final Report & Recommendation at 5.) Petitioner's "summary of claims and attachments also lack a declaration in compliance with § 1746," and, although his "declaration in support of [his] request to proceed [in forma pauperis] closes with a declaration under penalty of perjury that he signed and executed on January 17, 2016, the latter declaration does not state that [Petitioner] delivered the Motion to Vacate to prison authorities for mailing within the statute of limitations." (Id. at 5-6 (citations omitted).) The Court agrees with Judge Johnson that "no part of the Motion to Vacate complies with

§ 1746," and concludes that the Motion is untimely. (Id. at 6.)

Judge Johnson correctly found that nothing in Petitioner's Objections, as amended, warranted a different conclusion. (Suppl. Final Report & Recommendation at 3-6.) First, Judge Johnson properly rejected Petitioner's contention that Rule 3(d) did not actually require a signed declaration in compliance with § 1746. (Id. at 3-4.) The Court agrees with Judge Johnson's conclusion "that the Eleventh Circuit requires a movant to sign a declaration in compliance with § 1746 in order to file a § 2255 motion timely." (Id. at 4.) Here, Petitioner "neither signed the declaration in the Motion to Vacate nor provided an acceptable substitute, such as the signed and sworn affidavit

8

in Bullock." (Id.)[2] Second, even if Petitioner's contention that "prison officials believed that they were required to stamp the envelope as received on January 14, 2016, even though [Petitioner] actually delivered it on January 19, 2016" is correct, "it does not change his noncompliance with § 1746." (Id. at 5 (citations omitted).) Third, contrary to Petitioner's Objections, the Motion to Vacate is not timely pursuant to Bullock because Petitioner "neither signed the declaration in the Motion to Vacate nor provided an acceptable substitute, such as the signed and sworn affidavit in Bullock." (Id.) Fourth, Petitioner's reliance on Moore v. Frazier, 605 F. App'x 863 (11th Cir. 2015) (per curiam) is misplaced

---

[2] The Court agrees with Judge Johnson that "[e]ven if [Petitioner] had not withdrawn the second version of the Motion to Vacate, the form § 2255 motion that is part of the second version does not comply with § 1746 because [Petitioner] failed to provide the date when he placed that document in the prison mailing system." (Suppl. Final Report & Recommendation at 4 n.3).

9

because that case involved the timeliness of a notice of appeal under Federal Rule of Appellate Procedure 3, which does not require compliance with § 1746. (Id. at 6.)[3] Petitioner's Motion to Vacate is untimely.

Judge Johnson also correctly found that equitable tolling and the actual innocence exception do not apply here. (Order & Final Report & Recommendation at 6-8; Suppl. Final Report & Recommendation at 6-7.) Petitioner's Objections did not warrant a different result. In his Objections, Petitioner contended that prison authorities "willfully disrupted the day of filing" by scheduling Petitioner

---

[3] Judge Johnson correctly pointed out that "Rule 3(d) of the Rules Governing Section 2255 Proceedings has not been rewritten to parallel changes to provisions in the Federal Rules of Appellate Procedure regarding inmate filing, such as Rule 4(c)(1)." (Suppl. Final Report & Recommendation at 6 n.6.) In any event, "[t]hose changes were effective December 1, 2016, which was more than ten months after [Petitioner] submitted the Motion to Vacate." (Id.)

for five medical appointments on January 19, 2016. (Objs. at 10-11.) Judge Johnson correctly noted that Petitioner "did not need to file the Motion to Vacate on January 19, 2016, because the statute of limitations expired one day later, on January 20, 2016, when he apparently did not have any medical appointments." (Suppl. Final Report & Recommendation at 6-7.) In any event, Petitioner "could have signed the declaration required by § 1746 on January 20, 2016, or on any of the other days within the one-year statute of limitations, but he failed to do so." (Id. at 7.) Under those circumstances, Judge Johnson correctly found that Petitioner was not entitled to equitable tolling. (Id.) As a result, Petitioner's Motion to Vacate is untimely. (Order & Final Report & Recommendation at 8.)

In sum, Judge Johnson properly concluded that Petitioner's Motion to Vacate is Untimely. The Court

therefore adopts the Order and Final Report and Recommendation and the Supplemental Final Report and Recommendation, overrules Petitioner's Objections, as amended, and denies Petitioner's Motion to Vacate. For the reasons discussed in the Order and Final Report and Recommendation and the Supplemental Final Report and Recommendation, the Court declines to issue a certificate of appealability. (Order & Final Report & Recommendation at 8-9; Suppl. Final Report & Recommendation at 7-8.)

## III. Conclusion

ACCORDINGLY, the Court **GRANTS** Petitioner's Motion to Amend Objections [442]. The Court **ADOPTS** the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [437], **ADOPTS** the Supplemental Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [443],

12

**OVERRULES** Petitioner's Objections, as amended, and **DENIES** Petitioner's Motion to Vacate as untimely [410]. The Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with that Motion: Civil Action File No. 4:16-CV-0019-HLM-WEJ. Finally, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED, this the 13 day of November, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE